JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Janis Dunbar,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Sundar Pichai,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:25-cv-03809-SVW-MAR<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☒ The action is duplicative.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:




If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| June 30, 2025<br>Date | *[signature]*<br>United States District Judge |

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998) (quotation omitted). "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Levine*, 415 U.S. 528, 536 (1974) (internal citations and quotation marks omitted). When a claim is not substantial, it is "so patently without merit that the claim requires no meaningful consideration." *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 975 (9th Cir. 2019).

Plaintiff, a resident of Connecticut, has filed nearly sixty pages of material that includes a complaint, letters, random printouts of social media accounts, a pornographic image, and other unexplained photographs. Dkt. 1. As best as can be understood from Plaintiff's allegations, she claims that rapper "50 Cent," "Curtis James Jackson," and others, have been stalking her for seven years. *Id*. She asks for $1.5 billion dollars for "defamation of character[,] mental[,] and emotional distress." *Id*. at 1-2.

The Court takes notice of its own files and observes that Plaintiff's allegations are substantially similar to those she made in *Dunbar v. Bloom, et al.*, No. CV 25-2937 WLH (PVC) (C.D. Cal. Apr. 24, 2025). That action was dismissed with prejudice because Plaintiff has not pled subject matter jurisdiction or stated a federal claim, and the complaint was frivolous. *Id*.

As with her prior case, the instant complaint does not provide any statement of the basis for this Court's jurisdiction. Dkt. 1. Additionally, it does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (explaining that a pleading that "says *too much*" violates Rule 8(a) and defining frivolous "according to [its] plain meaning" as "without basis in law or fact") (emphasis in the original and internal quotation marks omitted)).

Accordingly, the action is **DISMISSED** without leave to amend and with prejudice because the action is duplicative, Plaintiff has not pled subject matter jurisdiction or stated a federal claim, and the complaint is frivolous. *See Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (en banc) ("[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (complaint repeating same allegations asserted in earlier case, even if filed against new defendants, is subject to dismissal as duplicative); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"); *Cruz v. Savoie*, 2022 WL 3704132, at *2 (E.D. Cal. Aug. 26, 2022) (further amendment futile where defect of action is duplicity).

In light of this dismissal, the Request is **DENIED** (Dkt. 3), and all other pending matters are **TERMINATED**.

Plaintiff shall file no further duplicative action in this Court, and no further filings will be accepted in this closed docket.

*(attach additional pages if necessary)*